*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE PC,

        Plaintiff-Appellant,

UNPUBLISHED
March 26, 2019

v

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Defendant-Appellee.

No. 342979
Genesee Circuit Court
LC No. 16-107129-NF

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

In this suit seeking recovery of medical expenses under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Michigan Head & Spine Institute PC, appeals by right the trial court order granting summary disposition in favor of defendant, Pioneer State Mutual Insurance Company. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

On December 22, 2012, Larry Tullio was injured in a motor vehicle accident. At the time of the accident, Tullio was insured under a no-fault insurance policy issued by Pioneer. Following the crash, Tullio received treatment from Michigan Head & Spine, incurring approximately $65,915 in medical expenses, which Pioneer refused to pay.

Initially, Michigan Head & Spine filed their complaint in Macomb County; however, the parties stipulated to change the venue to Genesee County and consolidate Michigan Head & Spine's case with Tullio's case against Pioneer and the driver of the other vehicle. At that time, the sole claim raised by Michigan Head & Spine was that Pioneer had violated its statutory duty under the no-fault act to reimburse it for the services rendered to Tullio.

On May 25, 2017, while this case was pending before the trial court, the Michigan Supreme Court decided *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In *Covenant*, our Supreme Court held that healthcare providers have no statutory cause of action against a no-fault insurer. *Id.* at 217-218. However, the Court also

-1-

stated its "conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.[1] In this case, between December 16, 2013 and December 7, 2015, Tullio executed 12 assignments of rights that provided:

> I, Larry A. Tullio, do hereby assign my right to collect no-fault insurance benefits for services rendered by Michigan Head & Spine Institute (MHSI) to date, to MHSI and attorneys operating on its behalf.[2]

Additionally, on September 21, 2017, Tullio executed an assignment of rights that provided as follows:

> I, Larry A. Tullio (patient), do hereby assign my right to collect (including the right to sue for) no fault-insurance benefits, for unpaid services rendered by Michigan Head & Spine Institute, P.C. to date, to Michigan Head & Spine Institute, P.C. This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. . . .

The court granted leave to amend on October 16, 2017. Thereafter, on November 13, 2017, Michigan Head & Spine filed an amended complaint.

On February 13, 2018, Pioneer moved for summary disposition, arguing that (1) under *Covenant*, Michigan Head & Spine could not sustain a statutory cause of action against it for personal injury protection (PIP) benefits and (2) antiassignment language in Tullio's no-fault policy barred Michigan Head & Spine's claim to the extent that it was based on the assignments from Tullio. In response, Michigan Head & Spine conceded that under *Covenant* it could not pursue a statutory cause of action against Pioneer, but it argued that it had the right to pursue benefits under the assignments of rights from Tullio. Michigan Head & Spine contended that the antiassignment clause in the insurance policy was void because it was against public policy.[3] In its reply brief, Pioneer argued that the antiassignment clause was not against public policy. Additionally, Pioneer asserted for the first time that because one of the assignments of rights was

---

[1] Unlike past and presently due benefits, the assignment of future benefits is prohibited by the no-fault act. See MCL 500.3143 ("An agreement for assignment of a right to benefits payable in the future is void.").

[2] The assignments are dated as follows: December 7, 2015, June 23, 2015, February 17, 2015, December 16, 2014, December 8, 2014, May 5, 2014, March 13, 2014, February 7, 2014, February 2, 2014, January 17, 2014, December 17, 2013, and December 16, 2013.

[3] Michigan Head & Spine also argued that a restriction on the assignment of no-fault benefits was void under Michigan's Uniform Commercial Code (UCC), MCL 440.9101 *et seq*. But the trial court did not address that argument and we decline to do so for the first time on appeal.

dated September 2017, the one-year-back rule, MCL 500.3145(1), prohibited Michigan Head & Spine from recovering sums incurred more than a year before the assignment was executed.[4]

On March 13, 2018, the trial court granted summary disposition in Pioneer's favor after concluding that it had to enforce the antiassignment clause in Tullio's no-fault policy. This appeal follows.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Michigan Head & Spine argues that the trial court erred by granting summary disposition. A trial court's decision on a motion for summary disposition is reviewed de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 341563); slip op at 2. The trial court did not specify whether it was granting summary disposition under MCR 2.116(C)(8) (failure to state a claim) or MCR 2.116(C)(10) (no genuine issue of material fact). However, we treat the motion as having been decided under MCR 2.116(C)(10) because the trial court considered material outside the pleadings when it relied on the antiassignment clause to dismiss the case. See *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought pursuant to this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id.* (quotation marks and citation omitted).]

---

[4] MCL 500.3145(1) provides in relevant part "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Although the issue was before it, the court made no findings with regard to the effect the one-year-back rule would have on Michigan Head & Spine's claim. Nevertheless, we feel compelled to note that in *Shah*, 324 Mich App at 204, this Court held that a healthcare provider receiving an assignment of rights from an insured "stands in the position of the [insured], possessing the same rights and being subject to the same defenses." In that case, therefore, the healthcare provider could only recover the portion of the loss incurred in the year before it received the assignment of rights. *Id.* at 205. Here, however, there are several assignments of rights, dating from December 16, 2013 to September 21, 2017. Moreover, at the time the September 21, 2017 assignment of rights was executed, Tullio had already commenced his own action to recover benefits, so the rights he assigned were not as limited as the rights the plaintiff in *Shah* assigned. Further distinguishing this case from *Shah* is the fact that Pioneer and Michigan Head & Spine stipulated that "the date of filing for computation of the 'one year back' provision of the Michigan No-Fault Act, MCL 500.3145, shall be January 20, 2016, for claims of Michigan Head & Spine Institute, P.C."

B. ANALYSIS

Michigan Head & Spines argues that, as the assignee of Tullio's claim for no-fault benefits, it was entitled to recover past and presently due benefits for the services it rendered to Tullio for his accident related injuries. In response, Pioneer argues that an antiassignment clause in Tullio's insurance policy prohibits him from assigning the benefits without its consent. The insurance policy provides that Tullio's "rights and duties under this policy may not be assigned without [Pioneer's] written consent." It is undisputed that Pioneer did not consent in writing for Tullio to assign his right to benefits to Michigan Head & Spine.

Insurance policies are contracts, and they *"are* subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Thus, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract, . . . a court must construe and apply unambiguous contract provisions as written." *Id*. As a general rule, assignments are permitted unless a contract clearly states otherwise. *Shah*, 324 Mich App at 197. However, an otherwise clear and unambiguous contractual provision—including an antiassignment clause—is unenforceable if the provision violates law or public policy. *Id*. at 198.

In *Shah*, this Court held that an antiassignment clause in an insurance policy contract was unenforceable because it violated Michigan public policy. *Id*. at 200. The insurer's insured assigned to his healthcare provider his right to no-fault benefits for care "already provided" by the healthcare provider. *Id*. at 187-188. The insurer argued that the assignment was ineffective because it violated an antiassignment clause in the insured's no-fault policy; the healthcare provider argued that the antiassignment clause was against public policy and so was void. *Id*. at 189, 196. The *Shah* Court held:

> Resolution of this issue turns on the application of our Supreme Court's decision in *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW 303 (1880). In *Roger Williams*, an insurance policy was issued covering livery stable property; the property was later destroyed in a fire. *Id*. at 253. After the fire, the insured assigned the policy to secure a debt. *Id*. at 253-254. Our Supreme Court refused to enforce an antiassignment clause in that matter, explaining:
>
> > The assignment having been made after the loss did not require consent of the company. The provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person—secured in this State by statute—to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy. [*Id*. at 254.]
>
> In this case, the parties provide no authority, and we have found none, explicitly rejecting this analysis in *Roger Williams*. Moreover, it has been deemed controlling on this point of law in at least two relatively recent opinions of the United States District Court for the Western District of Michigan, *Century*

-4-

*Indemnity Co v Aero-Motive Co*, 318 F Supp 2d 530, 539 (WD Mich, 2003) (relying on *Roger Williams* while explaining that under Michigan law, "an anti-assignment clause will not be enforced where a loss occurs before the assignment, because in that situation the assignment of the claim under the policy is viewed no differently than any other assignment of an accrued cause of action."); *Action Auto Stores, Inc v United Capitol Ins Co*, 845 F Supp 417, 422-423 (WD Mich, 1993) (citing *Roger Williams* in support of the proposition that a provision prohibiting assignment without consent of the insurer was invalid with respect to a post-loss assignment).

Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. In this case, [the insured] had an accrued claim against his insurer for payment of healthcare services that had already been provided by plaintiffs before [the insured] executed the assignment. Under *Roger Williams*, the contractual prohibition against [the insured] assigning that claim to plaintiffs was unenforceable because it was against public policy. *Id*.

Therefore, we conclude that enforcement of the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court. *Roger Williams*, 43 Mich at 254; *Rory*, 473 Mich at 469-471. [*Id*. at 198-200.]

The facts in this case are remarkably similar to those in *Shah*. And we conclude that, like the antiassignment clause in *Shah*, the antiassignment clause in the no-fault policy at issue in this case was unenforceable because of public policy. Tullio had an accrued claim against Pioneer for the payment of health care services that had already been provided by Michigan Head & Spine. The claim existed before the assignments were executed. Therefore, Tullio was free to assign this claim to Michigan Head & Spine, despite the antiassignment clause in his no-fault policy. See also *Henry Ford Health Sys*, ___ Mich App at ___; slip op at 4 (following *Shah* and holding that an antiassignment clause prohibiting the assignment of already accrued benefits is unenforceable because it violates public policy).

Pioneer argues that we need not follow *Shah* because it did not consider portions of our Supreme Court's opinion in *Rory*, 473 Mich 457. However, *Shah* is a published opinion from this Court, and, as such, we are bound to follow it. MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."). Moreover, a fair reading of *Shah* makes clear that it did, in fact, consider the opinion in *Rory* and it did not find that it was applicable. See *Shah*, 324 Mich App at 196-200 (applying *Rory* to resolve the public-policy question before the Court, and stating that it had located no authority "explicitly rejecting" the public-policy holding in *Roger Williams*).

-5-

Reversed and remanded for further proceedings consistent with this opinion. Michigan Head & Spine may tax costs as the prevailing party. MCR 7.219(A). We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly